■ In the Matter of the Claim of MARGARET O'NEIL et al., Appellants, against BLASDELL HIGH SCHOOL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimants from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. The issue upon this appeal is whether there is substantial evidence in the record to support the finding that no employer-employee relationship existed between the decedent and his alleged employers. Decedent was a member of the Western New York Inter-Scholastic Football Officials Association, an organization comprising qualified football officials who officiate at high school contests. The alleged employers, Blasdell High School and Orchard Park High School, were members of the Western New York Intermediate Conference. The conference prepared a schedule of games for its members and then submitted the schedule to the association. The Football Officials Association assigned officials to each game and the conference and the association agreed upon the fees to be paid football officials. There was some interlocking of officials between the Football Officials Association and the conference. For instance, Mr. Mellanowicz the principal of Sloan High School, which belonged to the conference, was also a member of the Football Officials Association and assigned officials to the various games. Mr. Mellanowicz, acting as a member of the Football Officials Association, assigned decedent to referee a game between Blasdell High School and Orchard Park High School. Decedent brought his own equipment and at the conclusion of the game was paid the agreed fee out of gate receipts by the principal of the high school on whose athletic field the game was played. No social security contribution or withholding tax was deducted from the fee. A few hours after the game ended, decedent died of a coronary thrombosis. The issue of causal relationship was not litigated but reserved pending decision on the issue of employment. Section 44.00 of Larson on Workmen's Compensation Law states, in part: " The traditional test of the employer-employee relation is the right of the employer to control the details of the work. * * * The principal factors showing right of control are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment, and (4) the right to fire ". From the record in this case it could be found that the alleged employers exercised no control over the manner in which decedent performed his work, that the method of payment was indicative of an independent contractor status, that no equipment was furnished to decedent, and that the alleged employers had no right to discharge him. It follows, therefore, that the decision of the board is supported by substantial evidence. Decision unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.